IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM C. SPENSER                                                  PLAINTIFF

v.                            CIVIL NO. 05-2002

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

William C. Spenser (hereinafter "plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his applications for disability insurance benefits ("DIB"), and supplemental security income benefits ("SSI"), under Titles II and XVI of the Act.

**Procedural Background:**

The applications for DIB and SSI now before this court were filed on October 27, 1998, alleging an onset date of October 1, 1993,[1] due to Hepatitis C, diabetes with retinopathy and depression. (Tr. 98-100, 127). An administrative hearing was held on December 22, 2000. (Tr. 23-70). In a written decision dated March 7, 2001, the administrative law judge ("ALJ") determined plaintiff retained the residual functional capacity (RFC) to perform sedentary work

---
[1] At the supplemental hearing on December 12, 2003, plaintiff amended his alleged onset date to November 1, 1998. (Tr. 404).

with some non-exertional impairments due to a mental impairment. (Tr. 12-21). The Appeals Council declined review of the ALJ's decision on August 10, 2001. (Tr. 5-7).

Plaintiff appealed this decision in federal district court. In a decision dated July 8, 2002, the court remanded plaintiff's case back to the Commissioner. (Tr. 384). The Appeals Council vacated the ALJ's decision and remanded plaintiff's case back to the ALJ. (Tr. 399-400). A supplemental hearing was held on December 12, 2003. (Tr. 402-456). For DIB purposes, plaintiff maintained insured status through December 31, 2003. (Tr. 105).

At the time of the supplemental administrative hearing on December 11, 2003, plaintiff was forty years old and possessed a high school education plus one year of college education. (Tr. 133). The record reveals that he had past relevant work experience ("PRW"), as a truck driver. (Tr. 452).

On August 26, 2004, the ALJ, found that plaintiff suffered from alcohol dependence, Hepatitis C, diabetes with retinopathy, depression with histrionic personality traits and degenerative disc disease of the right shoulder. (Tr. 391). However, he determined that these impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (Tr. 392). After discrediting plaintiff's subjective allegations, the ALJ concluded that he maintained the residual functional capacity ("RFC"), to perform a significantly reduced range of work. (Tr. 392). With the assistance of a vocational expert ("VE"), he determined that there were no jobs existing in significant numbers that plaintiff could still perform. (Tr. 392).

However, absent plaintiff's alcoholism, the ALJ concluded plaintiff's severe impairments include Hepatitis C, diabetes with retinopathy and degenerative disc disease of the right shoulder. (Tr. 392). Without alcohol abuse, the ALJ concluded plaintiff's depression would not be severe.

2

The ALJ found plaintiff's remaining severe impairments did not meet or equal the criteria of any of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. The ALJ found when plaintiff was not using alcohol he maintained the RFC to lift up to ten pounds occasionally, to stand/walk up to six hours in an eight hour day and to sit up to two hours in an eight hour day. With the help of VE testimony, the ALJ found plaintiff would be able to perform other work as a cashier II. (Tr. 393).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied. When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs. (Doc. # 5,6). This case is before the undersigned pursuant to the consent of the parties.

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

AO72A
(Rev. 8/82)

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

**Discussion:**

AO72A
(Rev. 8/82)

In 1996, the Social Security Act was amended to reflect changes in the award of benefits related to substance abuse. The statute reads, in pertinent part, that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C), *amended by* Pub.L. No. 108-203 (March 2, 2004). This amendment is interpreted as barring benefits "if alcohol or drug abuse comprises a contributing factor material to the determination of disability ...." *Brueggemann v. Barnhart,* 348 F.3d 689, 693 (8th Cir.2003).

20 C.F.R. § 404.1535(b) details how the Commissioner is to evaluate if substance abuse is material in determining disability.

(a) General. If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(b) Process we will follow when we have medical evidence of your drug addiction or alcoholism.

(1) The key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol.

(2) In making this determination, we will evaluate which of your current physical and mental limitations, upon which we based our current disability determination, would remain if you stopped using drugs or alcohol and then determine whether any or all of your remaining limitations would be disabling.

(I) If we determine that your remaining limitations would not be disabling, we will find that your drug addiction or alcoholism is a contributing factor material to the determination of disability.

(ii) If we determine that your remaining limitations are disabling, you are disabled independent of your drug addiction or alcoholism and we will find that your drug addiction or alcoholism is not a contributing factor material to the determination of disability.

*1018 20 C.F.R. § 404.1535(b). "The ALJ must reach [a] determination [of disability ] initially ... using the standard five-step approach described in 20 C.F.R. § 404.1520 without segregating out any effects that might be due to substance abuse." *Brueggemann,* 348 F.3d at 694.

*Welch v. Barnhart*, 355 F.Supp.2d 1008, 1017-1018 (E.D.Mo 2005).

In the instant case, the ALJ concluded that plaintiff was disabled but absent plaintiff's alcoholism, the ALJ found plaintiff's severe impairments include Hepatitis C, diabetes with retinopathy and degenerative disc disease of the right shoulder. Without alcohol abuse, the ALJ

5

concluded plaintiff's depression would not be a severe impairment. The ALJ found when plaintiff was not using alcohol he maintained the RFC to lift up to ten pounds occasionally, to stand/walk up to six hours in an eight hour day and to sit up to two hours in an eight hour day. With the help of VE testimony, the ALJ found plaintiff would be able to perform other work as a cashier II.

After reviewing the entire record, we do not find substantial evidence to support the ALJ's determination that plaintiff's alcohol use is a contributing factor material to his disability for the entire relevant time period. A review of the record reveals that while plaintiff was convicted of a DWI in 1992, there is no indication that plaintiff's abused alcohol, during the relevant time period of November 1, 1998 through February of 2002. Prior to February of 2002, no examining, treating or non-examining physician indicated plaintiff had an alcohol problem. With the exception of reporting to Dr. Jaleh Sahandy that he might have a beer with a crab or a glass of wine with dinner, there is no indication that plaintiff was using alcohol. (Tr. 319). In finding plaintiff was disabled the ALJ noted Dr. E.J. Richard's opinion that plaintiff was not able to perform even sedentary work due to fatigue caused by plaintiff's Hepatitis and diabetes. (Tr. 389, 338). However, because Dr. Richard's did not factor out plaintiff's alcohol use, the ALJ determined that plaintiff's fatigue was primarily due to alcohol use and not his Hepatitis and diabetes. As there is no evidence indicating that plaintiff was abusing alcohol when he was being treated by Dr. Richard's we are troubled by the ALJ's failure to give full credit to Dr. Richard's findings.

The record clearly establishes plaintiff complained of fatigue and sought treatment for Hepatitis and diabetes, as well as depression, prior to his abusing alcohol in 2002. (Tr. 170, 243, 255, 290, 292-294, 306-309, 338, 343, 346). In 2002 and 2003, plaintiff's treating physicians noted plaintiff's alcohol abuse and strongly recommended plaintiff stop drinking. The record is unclear as to when plaintiff did stop drinking; however, plaintiff testified at the supplemental

AO72A
(Rev. 8/82)

hearing that he had not been drinking for several months because he was told it would disqualify him from being able to receive benefits. (Tr. 444). Plaintiff also reported to his treating physicians that he had stopped drinking in 2003.

A claimant has the initial burden of showing that alcoholism or drug addiction is not material to the finding of disability. *Pettit v. Apfel*, 218 F.3d 901, 903 (8th Cir. 2000)(citations omitted). Plaintiff argues that no treating or examining physician indicated plaintiff had a problem with alcohol use or that his fatigue was due to alcohol use rather than from his diagnosed impairments prior to 2002. While the record clearly shows plaintiff was abusing alcohol for a period of time starting around February of 2002, there is no indication that during the relevant time period of November 1, 1998, through February of 2002, plaintiff's complaints of fatigue were due to alcohol use instead of his Hepatitis and diabetes. We believe the ALJ erred in grouping the entire relevant time period into one group and finding alcohol abuse a contributing factor material to plaintiff's disability for the entire relevant time period.

We believe this case should be remanded because the ALJ's factual findings, that alcohol was a contributing factor material to plaintiff' disability during the entire relevant time period, are insufficient for our review. Plaintiff is reminded that he has the burden of showing the alcoholism is not material to his disability.

We believe remand is also necessary so that the ALJ can more fully and fairly develop the record. In his decision, the ALJ reported that plaintiff was not started on a treatment for his Hepatitis due to his alcohol use; however, he failed to address plaintiff's treating physician's November 24, 2003, opinion that he agreed with plaintiff that treatment should not be started due to the poor success rate not because plaintiff was consuming alcohol. (Tr. 617, 656).

7

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff–including, Drs. Richard's, Daniel P. Fineberg and Michael Berard–asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). Specifically, the ALJ should ask the above physicians, to discuss if alcohol abuse was seen as a problem while they were treating plaintiff, and if so, the ALJ should ask them to opine as to whether or not plaintiff's impairments without the use of alcohol caused any limitations of activities of daily living. The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

We further note that the medical evidence is also somewhat ambiguous with regard to plaintiff's mental limitations and his mental RFC. The ALJ determined that absent alcohol use, plaintiff would not have severe depression. However, the record shows plaintiff was being treated for depression prior to his drinking in February of 2002. As there is no medical evidence to support the ALJ's determination that plaintiff does not have severe depression when he is not drinking, we direct the ALJ to address interrogatories to the physicians who have evaluated and/or treated plaintiff asking the physicians to review plaintiff's medical records and complete a mental RFC assessment regarding plaintiff's capabilities during the time period in question. *See Lauer v.*

8

*Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). If further development of the record on the issue of plaintiff's mental RFC is necessary, the ALJ may also order a consultative mental exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis plaintiff's condition(s), and complete a medical assessment of plaintiff's mental abilities to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**Conclusion:**

Based on the foregoing, we hereby reverse the decision of the Commissioner and remand this case for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 13th day of March 2006.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)